

SHAWN N. ANDERSON
United States Attorney
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
PHONE: (671) 472-7332
FAX: (671) 472-7215

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 19-00016 |
|---|---|
| Plaintiff, | |
| vs. | **PLEA AGREEMENT** |
| LOURDES FERNANDEZ BLAS, | |
| Defendant. | |

The United States and Defendant, LOURDES FERNANDEZ BLAS, enter into the following plea agreement:

### Charge and Penalties

1. Defendant agrees to waive indictment and to enter a guilty plea to an Information charging her with Unauthorized Access of a Protected Computer in Furtherance of Fraud in violation of 18 U.S.C. §§ 1030(a)(4) and 1030(c)(3)(A).

2. Defendant understands and acknowledges the following:

(a) A conviction for Unauthorized Access of a Protected Computer in Furtherance of Fraud in violation of 18 U.S.C. §§ 1030(a)(4) and 1030(c)(3)(A) carries a maximum penalty of five (5) years imprisonment, a $250,000 fine, a three-year period of supervised release, and a

Plea Agreement - 1 -

$100 special assessment. In addition to these maximum penalties, any violation of a supervised release order could lead to an additional term of up to two (2) years imprisonment, pursuant to 18 U.S.C. § 3583(e)(3). Defendant agrees to pay the special assessment at or before sentencing.

(b) Pursuant to the Mandatory Victim Restitution Act, the Court must order that the Defendant pay restitution to any victim of the offense of conviction, pursuant to 18 U.S.C. § 3663A.

## Voluntariness & Waiver of Trial Rights

3. Defendant affirms that she has read this plea agreement and fully understands it. Defendant acknowledges that she enters this plea agreement and her decision to plead guilty voluntarily, and not because of any force, threats, promises or inducements, apart from the promises and inducements set forth in this plea agreement. She agrees to plead guilty because she is in fact guilty of the charged offense.

4. Defendant acknowledges that she understands that by entering a plea of guilty, she is waiving – that is, giving up – the following rights guaranteed to her by law and by the Constitution of the United States:

(a) the right to plead not guilty and to persist in a plea of not guilty;

(b) the right to a jury trial;

(c) the right to be represented by an attorney and, if necessary, to have the Court appoint counsel at trial and all stages of the proceedings;

(d) the right at trial to confront and cross-examine witnesses against her;

(e) the right to remain silent at trial, with such silence not being used against her in any way;

(f) the right, should she choose, to testify on her own behalf and to present evidence;

Plea Agreement - 2 -

(g) the right to compel witnesses to appear at such a trial and to have them testify on her behalf;

(h) the right not to be prosecuted except by an indictment returned by a grand jury.

Defendant understands that any statement she gives under oath in connection with this guilty plea may be used against her by the United States in a prosecution for perjury or false statement.

### Elements of the Offense & Factual Basis

5. Defendant understands and agrees that to establish the offense of Unauthorized Access of a Protected Computer in Furtherance of Fraud in violation of 18 U.S.C. §§ 1030(a)(4) and 1030(c)(3)(A), the United States must prove each of the following elements beyond a reasonable doubt:

> First: the defendant knowingly accessed without authorization or exceeded authorized access to a computer used in or affecting interstate or foreign commerce or communication;
>
> Second: the defendant did so with the intent to defraud;
>
> Third: by accessing the computer without authorization or exceeding authorized access to the computer, the defendant furthered the intended fraud; and
>
> Fourth: the defendant by accessing the computer without authorization or exceeding authorized access to the computer obtained anything of value.

6. The United States and Defendant stipulate and agree to the following facts:

(a) Defendant was born in 1971 and is a citizen of the United States.

(b) Defendant was employed with Guam Department of Revenue and Taxation (DRT) from September 2006 until on or about November 2015. The DRT Motor Vehicle Division operated a computer system, used in and affecting interstate or foreign commerce and

Plea Agreement - 3 -

communication, for the issuance and renewal of driver's licenses, among other things. As part of her duties, the defendant was authorized to access the DRT computer system to create, process and issue driver's licenses. She was not authorized to access DRT's computer system for the purpose of creating, processing, or issuing fraudulent driver's licenses.

(c) Between January 2014 and November 2015, the defendant participated in a fraudulent scheme with others to obtain money and process fraudulent driver's licenses. The defendant, knowingly and with intent to defraud, accessed without authorization and exceeded authorized access to DRT's computer system, and by such access the defendant furthered the scheme by processing at least 320 fraudulent Guam driver's licenses when she worked at DRT's Motor Vehicle Division. Defendant participated in the scheme for money and because she saw other DRT employees conducting similar activity. Defendant worked with R.S. and his wife E.S. in order to find individuals who would not be able to legitimately obtain licenses. Defendant received $300 from either R.S. or E.S. for each fraudulent driver's license that she processed. The $300 amount was derived because that is how much a customer would otherwise spend to obtain a legitimate driver's license. The $300 amount included such fees as the 40-hour safety course payable to Guam DRT. E.S. would travel to Guam DRT on Mondays and meet with the defendant while she was working. E.S. provided the defendant with a packet that contained information she needed to process the driver's licenses. The packet also contained the defendant's payment. Defendant took such information that E.S. provided and opened a driver's license record in the Guam DRT computer system and which caused the issuance of a fraudulent driver's license.

(d) As a result of the defendant's unauthorized and exceeded authorized access to DRT's protected computer system in furtherance of fraud, the defendant unlawfully created, processed and issued at least 320 fraudulent Guam driver's licenses, the aggregate value of

Plea Agreement - 4 -

1 which is more than $95,000 under U.S.S.G. § 2B1.1(b)(1)(E).

(e) The parties agree that this stipulated statement of facts is sufficient to support Defendant's guilty plea. It is made for that limited purpose and does not contain all facts relating to the underlying criminal conduct.

### Sentencing Guidelines & Procedures

7. Defendant understands and acknowledges that:

(a) The Sentencing Guidelines apply in this case. In determining a sentence, the Court is obligated to calculate the applicable sentencing guideline range and to consider that range, possible departures or variances under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a);

(b) The United States will make its full discovery file available to the Probation Office for its use in preparing the presentence report;

(c) The Court will rely on the facts established in this case – including, but not limited to, the facts Defendant stipulates to in this plea agreement – in determining the applicable offense level and resulting guideline range;

(d) Sentencing discussions between Defendant and defense counsel or between defense counsel and the U.S. Attorney's Office are not part of this plea agreement, and Defendant is not relying on the possibility of any particular guideline range or sentence based on any such discussions;

(e) No promises or guarantees have been made to Defendant regarding either the guideline range or the sentence that will be imposed. The Court is not required to follow the Sentencing Guidelines or to accept any sentencing recommendations made by the United States or Defendant, and the Court may impose any sentence up to and including the maximum penalties set out above. Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal

Plea Agreement - 5 -

Procedure, if the Court does not accept a sentencing recommendation made by the United States, Defendant nevertheless has no right to withdraw her guilty plea.

### Cooperation

8. Defendant agrees to make a full, complete and truthful statement regarding her involvement in criminal conduct, as well as the involvement of all others known to her. Defendant agrees to testify fully and truthfully at any trials or hearings. Defendant understands that this plea agreement is not conditioned on the outcome of any trial. Defendant further understands, however, that this plea agreement is contingent on complete and truthful testimony by Defendant in response to questions asked by the Court, the prosecutor, or lawyers for any party.

9. If Defendant provides self-incriminating information as part of her cooperation regarding the unlawful activities of others, the United States agrees not to use such information against Defendant at her sentencing. Such information may be revealed to the Court but shall not be used against Defendant in determining Defendant's sentence range. There shall be no such restrictions on the use of information: (a) previously known to law enforcement agencies; (b) revealed to law enforcement agencies by, or discoverable through, an independent source; (c) in a prosecution for perjury or giving a false statement; or (d) in the event there is a material breach of this agreement by Defendant.

10. Defendant understands and agrees that her sentencing date may be continued by the Court until after the indictment and trial of others, so as to enable the United States and the Court to assess Defendant's cooperation.

### Agreements of the United States

11. The United States agrees to recommend that the Court, in determining Defendant's sentencing guideline range, apply the maximum available reduction for acceptance of

Plea Agreement - 6 -

responsibility. This recommendation, however, is based on facts currently known to the United States and is contingent on Defendant accepting responsibility according to the factors set forth in § 3E1.1 of the Sentencing Guidelines. The United States is free to withdraw this recommendation if Defendant has previously engaged in any conduct, which is unknown to the United States and is inconsistent with acceptance of responsibility, or if she engages in any conduct between the date of this plea agreement and the sentencing hearing, which is inconsistent with acceptance of responsibility.

12. The United States agrees to recommend at sentencing that the Court impose a sentence within the applicable guideline range. If, however, the United States determines that Defendant has provided substantial assistance in the investigation or prosecution of another person, the United States agrees to move the Court at sentencing, pursuant to § 5K1.1 of the Sentencing Guidelines, to impose a sentence below the otherwise applicable sentencing guideline range. The determination of whether defendant has provided such substantial assistance rests entirely within the discretion of the United States Attorney's Office. Defendant acknowledges that even if the United States makes such a motion, the Court is not required to reduce Defendant's sentence.

### Financial Disclosure Obligations

13. Defendant agrees to submit to the U.S. Attorney's Office, within three weeks of the execution of this plea agreement, a complete, accurate and truthful financial statement and accompanying releases, in a form it provides and as it directs. Defendant agrees to disclose all assets in which she has any interest or over which she exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. Defendant authorizes the U.S. Attorney's Office to obtain a credit report on her to evaluate her ability to satisfy any financial obligation imposed by the Court.

Plea Agreement - 7 -

14. Defendant understands and agrees that any monetary penalties imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States, pursuant to 18 U.S.C. § 3613. Defendant understands that, by law, interest accrues on any remaining balance of the debt. Defendant agrees not to dissipate assets. If Defendant is financially unable to immediately pay any monetary penalties in full, Defendant agrees: (a) to cooperate with the United States Attorney's Office; (b) to provide updated financial statements upon request by the United States Attorney's Office and to keep the office advised about Defendant's current address; and (c) for her debt to be placed on the Treasury Offset Program and any tax refund/rebate offset program existing in her state of residency. Defendant understands that any funds captured by an offset program will be paid towards her monetary penalties, but does not relieve her of her obligation to pay the monetary penalties in full.

## Consequences of Breach

15. Defendant agrees that if she is deemed by the Court to be in material breach of any of her obligations under this agreement: (a) Defendant shall not be entitled to withdraw her plea of guilty made in connection with this agreement; (b) the United States may, in its discretion and at its option, declare null and void any of its obligations under this agreement; and (c) the United States may recommend whatever sentence it may deem appropriate. The issue of whether Defendant is in material breach of this agreement shall be determined by the Court in a proceeding at which the United States shall be required to establish breach by a preponderance of the evidence. Defendant understands and agrees that the Federal Rules of Evidence shall not apply at any such hearing, and that the United States may rely at the hearing on any statements or evidence Defendant may have given during cooperation with law enforcement.

## Waiver of Post-Sentencing Rights

16. Defendant voluntarily, knowingly and intelligently waives any right to appeal or to

Plea Agreement - 8 -

collaterally attack any aspect of her conviction including, but not limited to, any pretrial dispositions of motions and other issues. Defendant acknowledges and agrees that this waiver shall result in the dismissal of any appeal or collateral attack Defendant might file challenging her conviction in this case, other than an attack based on alleged ineffective assistance of counsel, alleged involuntariness of the Defendant's guilty plea, or alleged prosecutorial misconduct.

### Consequences of Withdrawal of Guilty Plea or Vacating of Conviction

17. Defendant agrees that if she is allowed to withdraw her guilty plea or if any conviction entered pursuant to this agreement is vacated or rendered invalid for any reason, the Court shall, at the request of the United States, reinstate any charges that were dismissed as part of this agreement. Defendant also agrees that within six months after the date the order vacating or invalidating Defendant's conviction or allowing her to withdraw her guilty plea becomes final, the United States may file additional charges against Defendant relating directly or indirectly to the conduct underlying the guilty plea. Defendant waives her right to challenge any such additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### Completeness and Effect

18. Nothing in this plea agreement shall bind any federal, state or local districts, jurisdiction or law enforcement agency, other than the United States Attorney for the Districts of Guam and the Northern Mariana Islands.

19. Defendant acknowledges that this is the only plea agreement in this case. This plea

//
//
//

Plea Agreement - 9 -

agreement cannot be modified other than by a writing signed by all parties, or by a modification acknowledged by all parties on the record in Court.

DATED: 04-04-19

_____
LOURDES FERNANDEZ BLAS
Defendant

DATED: 4/4/19

_____
LEILANI V. LUJAN
Attorney for Defendant

SHAWN N. ANDERSON
United States Attorney
Districts of Guam and the Northern Mariana Islands

DATED: 4/9/2019     BY: _____
STEPHEN F. LEON GUERRERO
Assistant U.S. Attorney

Plea Agreement - 10 -